IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO JACKSON, | : | Civil No. 3:19-cv-1903 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| JOHN J. TALABER, et al., | : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff Francisco Jackson ("Jackson"), an inmate currently confined at the State Correctional Institution, Mahanoy, in Frackville, Pennsylvania, filed this civil rights action pursuant 42 U.S.C. § 1983, alleging that he is being incarcerated in excess of his maximum date of release. (Doc. 1). Jackson also filed a motion for leave to proceed *in forma pauperis*.[1] (Doc. 6). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

---

[1] By Order dated December 12, 2019, the Court granted Jackson's motion to proceed *in forma pauperis*. (Doc. 11).

See 28 U.S.C. § 1915(e)(2),[2] 28 U.S.C. § 1915A.[3] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## II. Factual Background

In this civil rights action, Jackson alleges that he maxed out his prison sentence and is being held in excess of his maximum date of release. (Doc. 1). Jackson asserts that his original maximum date of release has changed from April 4, 2017 to June 30, 2020, which is a violation of his rights. (*Id.* at p. 3). For relief, Jackson seeks immediate release from

---

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

confinement, as well as monetary damages. (*Id.*).

## III. Discussion

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer*, 288 F.3d at 540 (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

Given Jackson's allegation regarding his detention past his maximum release date, the Court construes his claim to be one challenging the execution of his sentence. Such a claim by a state prisoner must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and is not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-89 (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on the federal habeas corpus

3

statute, which Congress specifically designed for that purpose, rather than the broad language of § 1983); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) (noting that state prisoners who wish to challenge the execution of their sentence must proceed under § 2254).

Furthermore, the claim for money damages cannot proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil rights claims. The *Heck* Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted).

Additionally, as the Supreme Court explained in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original): "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if*

success in that action would necessarily demonstrate the invalidity of the confinement or its duration." The Third Circuit summarized the holding of *Heck* as follows: "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). In the case at bar, *Heck*'s favorable-termination rule applies because Jackson's complaint calls into question the correct duration of his confinement.

As such, Jackson's complaint fails to state a claim upon which relief may be granted and must be dismissed. To the extent that Jackson wishes to challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## IV. Conclusion

For the foregoing reasons, the Court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.[4]

---

[4] Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Jackson's claim for relief is not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983, and instead must be brought as a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, granting leave to amend would be futile.

A separate Order shall issue.

Date: January 17, 2020

Robert D. Mariani
United States District Judge